UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON RAY REED,<br><br>            Plaintiff,<br><br>     vs.<br><br>JEFFREY BEARD, et al.,<br><br>            Defendants. | 1:14-cv-00139-GSA-PC<br><br>ORDER DENYING REQUEST FOR COURT-APPOINTED COUNSEL<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 8.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO 28 U.S.C. SECTION 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.     BACKGROUND**

Myron Ray Reed ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On February 3, 2014, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On February 7, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on August 22, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 7.) On August 29, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 8.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

### III.     SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the First Amended Complaint allegedly occurred at Wasco State Prison (WSP) in Wasco, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Correctional Officer (C/O) C. Occampo and D. Davis (Mailroom Supervisor) (collectively, "Defendants"). Defendants were employed by the CDCR at WSP at the time of the events at issue. Plaintiff's factual allegations follow.

On October 29, 2013, Plaintiff was asked to report to the correctional officers' podium to sign for his legal mail. Plaintiff observed C/O Occampo, 3rd Watch Floor Officer, reading paperwork at the podium. When Occampo looked up at Plaintiff she handed him an empty court envelope. Plaintiff asked her where the documents that came inside were, and Occampo handed Plaintiff the paperwork she had just finished reading. Plaintiff told Occampo she had violated his rights by opening and reading his legal mail outside his presence, and asked her for the second page of the document, which was missing. Occampo told Plaintiff his legal mail came opened, and she has the right to read and inspect mail that comes unopened without Plaintiff present and if he didn't like it he should write a 602 appeal against the mailroom because they are the ones who opened it and stamped it "Opened in Error." (Complaint at 10 ¶IV.1.) Plaintiff asked Occampo who it was who crossed out the words "Special Mail – Open in the Presence of the Inmate" with a permanent black marker. (Id.) Occampo became upset and ordered Plaintiff to sign for the legal mail and get away from the podium before she pushed her alarm, and to file an appeal against the mailroom if he had a problem with her reading his legal mail because the mailroom sent it opened. Plaintiff had to write and request his Public Defender to send the missing document again.

On November 15, 2013, during an interview with the Mail Supervisor D. Davis, Plaintiff asked Davis the name of the person who opened his legal mail and was told it was not Plaintiff's concern because it is not the prison mailroom's policy to open and inspect inmates' legal mail.

Plaintiff requests monetary damages and appointment of counsel.

**IV.    PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.     Supervisory Liability – defendant Davis

Plaintiff seeks to hold defendant D. Davis, the Mailroom Supervisor, liable for the actions of the mailroom staff.  Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).  Therefore, to the extent that Plaintiff seeks to impose liability on defendant Davis in his or her supervisory capacity, Plaintiff fails to state a claim.

### B.     Interference with Mail

The mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Nordstrom v. Ryan, 762 F.3d 903, 908-909 (9th Cir. 2014); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).  Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection.  See Wolff, 418 U.S. at 576-77; Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981).   In Wolff v. McDonnell, the Supreme Court noted that inspecting mail sent to inmates from their own attorneys in the presence of the inmate did all, and perhaps even more, than the Constitution requires. Id. at 577. Correspondence between an attorney and a client is entitled to special protection under the attorney-client privilege. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).  "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (citing to Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

///

Plaintiff alleges and provides documentary evidence that the mail at issue was a document sent to him by the Fresno County Superior Court. (Complaint at 8 ¶IV.1., and Exhibits A-C.) As discussed above, mail from the courts is a public document and as such, is not legal mail entitled to special protection under the First Amendment. Therefore, the mere fact that mailroom employees or C/O Occampo opened and read his court mail does not state a constitutional claim for mail interference.

### C. Due Process

Plaintiff seeks to bring a claim for violation of his rights to due process. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at

///

124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that mailroom staff or C/O Occampo improperly confiscated one of the pages of his incoming mail, which indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

### D.     Access to Courts

Plaintiff seeks to bring a claim for denial of access to courts. Prisoners have a constitutional right to meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Bounds v. Smith, 430 U.S. 817, 824–25, 97 S.Ct. 1491 (1977). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. However, to claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. Id. at 350. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him. Id. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."). Plaintiff's complaint is devoid of any facts suggesting any such injury occurred. Harbury, 536 U.S. at 415-16; Jones, 393 F.3d at 936. Therefore, Plaintiff fails to state a claim for denial of access to courts.

### E.     State Law Claim

Plaintiff brings a claim against defendant Davis (Mail Supervisor) for failure to properly train the mailroom staff. Failure to train is a state tort, and Plaintiff is informed that violation of state tort law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See

28 U.S.C. § 1367.  In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint.  Therefore, Plaintiff's claim for failure to train fails.

## V.     REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff requests court-appointed counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  In this case, the court finds that Plaintiff cannot succeed on the merits of this case.  This case stems from allegations that mail staff or a correctional officer opened and read mail that Plaintiff received from the Fresno County Superior Court and lost one of the pages of the document before Plaintiff received it.  As discussed above, these allegations do not state a claim under § 1983.  Further, the court finds that the deficiencies in the complaint are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff was granted leave to amend the complaint on August 29, 2014 and has now filed two complaints without stating a cognizable claim.  Based on a review of the record in this case, the court finds that Plaintiff is able to adequately articulate his claims.  The legal issue in this case – whether defendants improperly interfered with Plaintiff's incoming mail -- is not complex,

///

and this court is faced with similar cases almost daily. Therefore, this case is not exceptional, and Plaintiff's request for court-appointed counsel shall be denied.

## VI. CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." In this case, however, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez, 203 F.3d at 1127. Accordingly, Plaintiff's request for court-appointed counsel shall be denied, and this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for court-appointed counsel is DENIED;
2. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
3. This dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
4. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

   Dated:   **September 29, 2015**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE